IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CR-4-TAV-HBG |
| ) | |
| MARK BENNETT, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 19, 2018, for a pretrial conference and motion hearing on Defendant Brooke Hensley's Motion to Continue Trial and All Deadlines [Doc. 80] and Defendant Timmy Byrge's Motion to Adopt Motion to Continue Trial and All Other Deadlines [Doc. 87]. Assistant United States Attorney Kelly A. Norris represented the Government. The following defense counsel also appeared: Attorney James A.H. Bell for Defendant Mark Bennett; Attorney Nathaniel Harold Evans for Defendant Justin Collins; Attorney John Stanford Young, III, for Defendant Brooke Hensley; Attorney Rachel L. Wolf for Defendant Timmy Byrge; Attorney Francis L. Lloyd, Jr., for Defendant Debra Ridenour; Attorney Donny M. Young, who participated by telephone for Defendant Kelly Lowe; Attorney Theodore Kern for Defendant Keera House; and Attorney Charles A. Thomas for Defendant Karen Lynch. All Defendants were present, except for Defendant Ridenour. Defendant Rosealee Striplin

1

appeared without counsel.

Defendant Hensley moves to continue the trial and other deadlines to give her attorney additional time to review the voluminous discovery, to prepare pretrial motions, and to prepare the case for trial. The motion states that counsel, who joined the case on February 15, 2018, received discovery on February 23, 2018, and has since received supplemental discovery, which he has yet to review. The motion relates that discovery consists of audio and video recordings in addition to documents and photographs. Defendant Byrge asks to join in this motion.

At the motion hearing, Attorney Young stated that he had twice received supplemental discovery, which he was still reviewing. He said that Defendant Hensley waives her speedy trial rights in connection with the motion. All other defense counsel stated that they did not object to the requested continuance.[1] Attorney Bell said that he had recently filed a Motion to Adopt Motions of Co-defendant Brooke Hensley [Doc. 89], asking to join in the motion to continue the trial and all other deadlines. Additionally, Mr. Bell stated that Mr. Donald Samuel, who also represents Defendant Bennett, is not available for the current March 27 trial date, because he is presently in trial on a murder case in Atlanta, Georgia, until the end of March. AUSA Norris informed the Court that the Government did not oppose the motion to continue the trial and other deadlines.

The Court finds Defendant Hensley's motion to continue the trial and the motions of Defendants Byrge and Bennett to join in that motion to be unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of

---

[1] Attorney Kimberly Parton, who represents Defendant Striplin, informed Chambers that Defendant Striplin also does not object to a trial continuance.

the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 6] in this case charges the nine Defendants with conspiring to distribute and possess with intent to distribute methamphetamine and to launder the proceeds therefrom over a one-year period. Defendant Hensley is also charged with a single count of money laundering. Defense counsel state that the discovery in this case is voluminous, and the Govenrment has recently supplemented the discovery. The Court finds that defense counsel need time to review the voluminous discovery, to consult with their clients, to investigate the case, to locate and interview witnesses, and to research and prepare pretrial motions. Once any pretrial motions are litigated, counsel will need time to prepare the case for trial. Given defense counsels' recent receipt of discovery, the Court finds that counsel cannot be prepared for trial on March 27 or in less than seven months. Thus, without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial [**Doc. 80**] and the motions to join [**Docs. 87 & 89**] in that motion are **GRANTED**. The trial is reset to **November 13, 2018**. The Court also finds that all the time between the filing of Defendant Hensley's motion on February 27, 2018, and the new trial date of November 13, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B). With regard to additional scheduling in this case, the Court extends the deadline for filing pretrial motions to **May 25, 2018**. Responses to motions are due on or before **June 8, 2018**. The deadline for concluding plea negotiations and for providing reciprocal discovery is extended to **September 28, 2018.** A final pretrial conference before the undersigned is set for **October 30, 2018, at 1:30 p.m.** The Court instructs the parties that all motions *in limine* must be filed no later than **October 29, 2018**. Special

requests for jury instructions shall be submitted to the Chief District Judge no later than **November 2, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Hensley's Motion to Continue Trial and All Deadlines [**Doc. 80**] is **GRANTED**. Defendant Byrge's and Defendant Bennett's motions to join [**Docs. 87 & 89**] in this motion are also **GRANTED**;

(2) The trial of this matter is reset to commence on **November 13, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Hensley's motion on **February 27, 2018**, and the new trial date of **November 13, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **May 25, 2018**;

(5) Responses to motions are due on or before **June 8, 2018**;

(6) The deadline for concluding plea negotiations and providing reciprocal discovery **September 28, 2018**;

(7) Motions *in limine* must be filed no later than **October 29, 2018**;

(8) The parties are to appear before the undersigned for a final pretrial conference on **October 30, 2018, at 1:30 p.m.**; and

(9) Special requests for jury instructions with appropriate citations shall be submitted to the Chief District Judge by **November 2, 2018**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge