| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Nos.: 3:18-CR-4-TAV-HBG-3 |
| | ) | 3:18-CR-4-TAV-HBG-5 |
| BROOKE HENSLEY and | ) | |
| DEBRA RIDENOUR, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER FOR INTERLOCUTORY SALE OF REAL PROPERTY

Before the Court is the Joint Motion for Interlocutory Sale of Real Property [Doc. 334] in which the United States of America, Anne-Marie Svolto, Assistant United States Attorney for the Eastern District of Tennessee, and Wells Fargo Bank, N.A., by its attorney Jason K. Purser, seek an order authorizing the immediate interlocutory sale of real property that has been named as subject to forfeiture in this criminal case. The United States recognizes that Wells Fargo has a valid interest in the real property and that an interlocutory sale is justified because Wells Fargo holds a mortgage on the property.

Rule 32.2(b)(7) provides as follows:

> At any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable.

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the

property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause." Rule G(7)(b)(i). Here, the Government has represented that the property is subject to forfeiture and that the Department of Treasury is currently in possession of the real property, which is depreciating in value and causing the government to incur maintenance costs and will likely accumulate tax assessments.

The Court finds the Government's desire to preserve the net equity in the real property pending the resolution of the case, the risk of depreciation in value, and future maintenance costs constitute "good cause" for the interlocutory sale of the real property.

IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** that:

1.      The Joint Motion for Interlocutory Sale of Real Property [Doc. 334] is **GRANTED**.

2.      The property described as follows will be sold pursuant to the terms set forth in the Joint Motion for Interlocutory Sale of Real Property [Doc. 334]:

**2428 Covered Bridge Boulevard, Knoxville, Tennessee**

> SITUATED IN the Sixth (6th) Civil District of Knox County, Tennessee, and without the corporate limits of the City of Knoxville, Tennessee, and being all of Lot 89, COVERED BRIDGE AT HARDIN VALLEY, Phase 1A, as shown by plat of record in Instrument No. 200701310061966 in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description thereof.

> THIS CONVEYANCE is subject to all applicable restrictions, easements, set-back lines, and other conditions shown of record in the Register's Office for Knox County, Tennessee.

THE ABOVE DESCRIPTION IS THE SAME AS THE PREVIOUS DEED OF RECORD; NO BOUNDARY SURVEY HAVING BEEN MADE AT THE TIME OF THIS CONVEYANCE.

Being the same property conveyed to Christopher D. Folden and Laurie E. Folden, husband and wife, from CBHP, LLC, a Tennessee limited liability company, by Warranty Deed dated June 22, 2015 and filed of record June 22, 2015 as Instrument No. 201506220070530 in the Register's Office for Knox County, Tennessee.

With the hereditaments and appurtenances thereto appertaining, hereby releasing all claims to homestead and dower therein. TO HAVE AND TO HOLD the said premises to the said Grantees, their heirs and assigns forever.

For further reference see Warranty Deed recorded on August 15, 2017 in the Register's Office for Knox County, Tennessee in Instrument Number 201708150010391.

(hereinafter the "real property").

3.      The net proceeds of the sale of the real property will be deposited in the Treasury Suspense Account and substituted for the real property listed above in this action pending the settlement of claims and a final judgment in this case.

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE